# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT KING,

       Plaintiff,     :     Case No. 3:05-cv-329

                                  District Judge Walter Herbert Rice
  -vs-                         ChiefMagistrate Judge Michael R. Merz

                            :

DEFENSE COMMISSARY
AGENCY, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2) as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be
>     granted; or
>     (iii) seeks monetary relief against a defendant who is immune
>     from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint

is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong.  Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F. 2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349.  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F. 2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

The Complaint in this case was filed September 27, 2005.  Only names and addresses of parties are contained in the body of the Complaint.  However, attached to the Complaint is a four-page letter from the Plaintiff, addressed "To Whom it May Concern," and dated December 30, 1999.  The letter alleges it is a formal response to an Equal Employment Opportunity letter concerning Plaintiff's employment dated November 30, 1999, and received by Plaintiff December 3, 1999.  A copy of the EEOC letter is not attached.  There is no reference to any subsequent EEOC proceedings.  The letter indicates Plaintiff was involved in mediation regarding back wages which was not resolved to his satisfaction at some unstated time in the past.  Plaintiff avers that as of the date of the letter, he is receiving Social Security Disability benefits, implying that he is no longer

employed.[1] He further avers that sometime during the course of his employment controversy, a Mr. Paulus (apparently soemhow involved in supervising the Plaintiff) became aware that, although Plaintiff is African-American, he was married to a Caucasian woman and this resulted in negative attitudes by Mr. Paulus.

To the extent Plaintiff intends to appeal from any EEOC ruling in 1999, his Complaint is barred by the statute of limitations. Title VII of the 1964 Civil Rights Act is the exclusive remedy for discrimination in federal employment. *Brown v. General Services Administration*, 425 U.S. 820, 96 S. Ct. 1961, 48 L. Ed. 2d 402 (1976). Under 42 U.S.C. §2000e-5(f)(1), a complaint under Title VII must be filed in court within ninety days of receipt of the right to sue letter from the EEOC.

In addition to the limitations bar, the Complaint does not state a claim for relief. It does not allege that the failure to pay the appropriate amount of back pay is somehow a matter of discrimination, nor does it cite any federal statute relating to back pay which would allow the Plaintiff to bring suit in this Court. Plaintiff avers that as a result of management's learning he was a partner in an inter-racial marriage, there was tension on the job. However, mere tension is not actionable. To be actionable under Title VII, an adverse employment action must be material. That is, it must result in a material adverse change in the terms of employment. *White v. Burlington Northern & Santa Fe Ry. Co.*, 364 F. 3d 789 (6th Cir. 2004)(en banc), *reaffirming Kocsis v. Multi-Care Management, Inc.*, 97 F. 3d 876, 885 (6th Cir. 1996). For example, reassignments without salary or work hour changes are not material adverse actions. *Kocsis, citing Yates v. Avco Corp.*, 819 F. 2d 630, 638 (6th Cir. 1987).

It may be that Plaintiff will be able to amend his Complaint to correct these deficiencies. Therefore, it is respectfully recommended that the Complaint be dismissed without prejudice for

---

[1] Persons engaged in substantial gainful activity do not qualify for SSD benefits.

failure to state a claim upon which relief can be granted.

      The Clerk is ordered not to issue process pending further court order.

September 28, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\King v. Defense Commissary 01.wpd